J-S27022-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAVIER ARTACHE | |
| Appellant | No. 2753 EDA 2014 |

Appeal from the PCRA Order of September 17, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0010405-2008

BEFORE: FORD ELLIOTT, P.J.E., STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY STABILE, J.:                     **FILED JUNE 23, 2015**

Appellant, Javier Artache, appeals from an order dismissing his petition for post-conviction relief. On appeal, he claims that the court below erred in rejecting his claim that ineffective assistance of trial counsel caused him to invalidly waive his right to a jury trial. We affirm.

On September 20, 2006, Appellant fatally shot David Delgado once in the head. The killing occurred in the Spring Garden neighborhood of Philadelphia. Appellant fled to Puerto Rico, but later turned himself in, and authorities extradited him to Pennsylvania to face charges.

On March 29, 2010, Appellant, whose first language is Spanish, appeared before the trial court represented by trial counsel and assisted by

_____

[*] Former Justice specially assigned to the Superior Court.

an interpreter. Appellant executed a written jury trial waiver colloquy, and two shorter waiver documents, one of which was in Spanish. The trial court also colloquied Appellant on the record, after which Appellant waived his right to a jury trial. Following trial, the trial court found Appellant guilty of first-degree murder, 18 Pa.C.S.A. § 2502(a), and other crimes, and imposed a life sentence. On direct appeal, Appellant unsuccessfully challenged the weight and sufficiency of the evidence. *See Commonwealth v. Artache*, 34 A.3d 228 (Pa. Super. 2011) (unpublished memorandum), *appeal denied*, 40 A.3d 119 (Pa. 2012).

On March 14, 2012, Appellant filed *pro se* a timely first petition under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46. The PCRA court appointed counsel, who filed an amended petition claiming that Appellant's jury trial waiver was invalid because trial counsel had misinformed Appellant as to the penalty for first-degree murder. The PCRA court later issued a Pa.R.Crim.P. 907 notice of intent to dismiss without a hearing. Appellant, through counsel, filed a response, which included a handwritten, unsworn affidavit. On September 17, 2014, the PCRA court issued a final order dismissing the petition.

On appeal, Appellant presents one question for review:

Did the [PCRA] court err in denying the [A]ppellant an evidentiary hearing when [A]ppellant alleged that his waiver of his state and federal constitutional right to a jury trial was not knowing, intelligent[,] and voluntary because of a failure to advise the [Appellant] that a conviction of first[-]degree murder required a life sentence and other misrepresentations of trial

defense counsel to the [Appellant] that coerced the [Appellant] to waive his right to a jury trial?

Appellant's Brief at 2.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determinations are supported by the record and are free of legal error." *Commonwealth v. Roney*, 79 A.3d 595, 603 (Pa. 2013) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." *Id.* A PCRA petitioner does not have an absolute right to an evidentiary hearing. *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012). Rather, a PCRA court may dismiss a petition without a hearing if the claim is frivolous and has no support in the record. *Id.*

"When a presumptively-valid [jury trial] waiver is collaterally attacked under the guise of ineffectiveness of counsel, it must be analyzed like any other ineffectiveness claim." *Commonwealth v. Mallory*, 941 A.2d 686, 698 (Pa. 2008). "To prevail on an [ineffective assistance of counsel] claim, a PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice." *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*). In the context of a jury trial waiver, "prejudice" means that but for counsel's ineffectiveness, the results of the waiver proceeding would have been different. *Mallory*, 941 A.2d at 702-03;

- 3 -

*see also Commonwealth v. Birdsong*, 24 A.3d 319, 340 (Pa. 2011) (noting that a PCRA petitioner must show that, but for counsel's ineffectiveness, he would have chosen not to waive his right to a jury trial).

Here, Appellant claims he waived his right to a jury trial because trial counsel made several misrepresentations. In his PCRA petition, Appellant pled that trial counsel failed to apprise him that first-degree murder carries a mandatory life sentence, because ¶ 39 of his written waiver colloquy (regarding mandatory minimum sentences) was left blank. In his affidavit filed in response to the PCRA court's Rule 907 notice, Appellant contended that trial counsel told him the jury would give him the death penalty even though the Commonwealth had not sought the death penalty; the trial judge would sentence Appellant to only 20 to 40 years in prison; and the jury would find Appellant guilty merely because he had been arrested and charged with a crime.

A jury trial waiver must be knowing and voluntary, and must inform the defendant that (1) he has a right to participate in selecting a jury; (2) chosen from his peers; and (3) the jury's verdict must be unanimous. *Mallory*, 941 A.2d at 696-97. In *Commonwealth v. Boyd*, 334 A.2d 610, 614-15 (Pa. 1975), our Supreme Court held that failing to inform a defendant of the potential sentences does not make a jury trial waiver invalid, because the potential sentence is not an essential element of a jury trial. The Supreme Court distinguished *Boyd* in *Commonwealth v. Houck*, 948 A.2d 780, 788 (Pa. 2008), holding that "the voluntariness of a jury

waiver can be undermined where the defendant is informed of a range of potential sentences at a jury waiver colloquy that is less than the sentence eventually imposed." However, the court held further that "if a defendant seeks to invalidate an otherwise valid jury waiver based on a **trial court's recitation** of his or her potential sentence, the defendant should be required to demonstrate that his or her understanding of the length of the potential sentence was a material factor in making the decision to waive a jury trial." *Id.* (emphasis added).

The PCRA court did not err in dismissing Appellant's claim. The oral and written waiver colloquies belie Appellant's contention that he was unaware of the **maximum** sentence for first-degree murder. "In his written jury trial waiver colloquy form, [Appellant] answered that he understood that he was charged with 'Murder H1' and that he faced a maximum sentence of life in prison." PCRA Court Opinion, 12/3/14, at 6; *see also id.* at 8 (finding "incredulous" Appellant's claim that trial counsel misled him into believing the maximum sentence for first-degree murder is 40 years). Additionally, unlike in *Houck*, the trial court here did not misinform Appellant of the potential sentences he could receive. In fact, the trial court did not discuss possible minimum or maximum sentences at all during the oral waiver colloquy. Finally, the lack of any mandatory minimum sentence on ¶ 39 of Appellant's written jury trial waiver colloquy is easily explained. Appellant was charged with murder generally, meaning that he could have been convicted of third-degree murder. *See* Information, 3/29/10, Count 1;

N.T. Trial, 3/29/10, at 7-8. There is no mandatory minimum sentence for third-degree murder, so ¶ 39, left blank, correctly reflects the applicable mandatory **minimum** sentence: none.

Moreover, Appellant cannot rely on his claims that trial counsel misrepresented the nature of the proceedings. During his oral colloquy, Appellant stated he understood the essential elements of a jury trial, was satisfied with counsel's representation, and expressed—repeatedly—his desire to waive a jury trial. *See* N.T. Trial, 3/29/10, at 3-7. Appellant also executed three written waivers, one of which was in Spanish. We reject Appellant's reliance on his recently-produced affidavit, which contradicts his statements made under oath during the colloquy. *Cf. Commonwealth v. Willis*, 68 A.3d 997, 1009 (Pa. Super. 2013) (stating, regarding a guilty pela colloquy, that an appellant is bound by the statements made in his colloquy and "may not now asserts grounds for withdrawing the plea which contradict the statements"). Finally, Appellant has not stated how his understanding of the potential sentences was material to his decision to waive a jury trial. Thus, assuming Appellant did not understand the potential sentences, he cannot meet the *Houck* standard.

In sum, Appellant's claim lacks arguable merit,[1] and the PCRA court did not err in dismissing Appellant's PCRA petition without a hearing. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/23/2015

---

[1] We additionally note that Appellant failed to plead or argue prejudice, *i.e.*, that but for trial counsel's ineffectiveness he **would have chosen a jury trial**. *See Mallory*, 941 A.2d at 702-03; *see also Birdsong*, 24 A.3d at 340 ("Appellant must demonstrate . . . that, but for counsel's ineffectiveness, he would have insisted upon a jury.").